IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


DOLPHUS JONES, JR., and CARRIE JONES,
Individually and As Husband and Wife                                      PLAINTIFFS


VERSUS                                      CIVIL ACTION NO. 1:03cv113WJG-JMR

NEEMA, INC. d/b/a COMFORT SUITES,
ACORN WINDOW SYSTEMS, INC.; JONES
GLASS, INC., and KESHAVJI RATANSHI GALA                          DEFENDANTS


MEMORANDUM OPINION AND ORDER


THIS CAUSE comes before the Court on motion [58-1] of the Plaintiffs, Dolphus Jones,

Jr., and Carrie Jones for a continuance or under Federal Rule of Civil Procedure 56(f).  Rule

56(f) provides as follows:

> Should it appear from the affidavits of a party opposing the motion that the party
> cannot for reasons stated present by affidavit facts essential to justify the party's
> opposition, the court may refuse the application for judgment or may order a
> continuance to permit affidavits to be obtained or depositions to be taken or
> discovery to be had or may make such other order at is just.

FED. R. CIV. P. 56(f).

Dolphus Jones, Jr., contends that on September 9, 1999, while he and his wife, Carrie,

were guests at the Comfort Suites Hotel at 1646 Beach Boulevard, in Biloxi, Mississippi, they

were trapped outside on the balcony of their second story room when the door automatically

locked them out of their room.  (Compl., pp. 3-4.)  Mr. Jones suffers from a medical condition

which is controlled by regular medication.  Because he was trapped on the balcony for an

extended period of time without his medication, he attempted to escape from the balcony,

suffering injury as a result.  (*Id.*, p. 4.)

According to Plaintiffs, Jones Glass, Inc., [Jones Glass], installed the balcony door in their room. (*Id.*, p. 2.) Plaintiffs contend that because Jones Glass did not plead the statute of repose in its answer, it waived this defense. (Ct. R., Doc. 59, p. 2.) In the alternative, Plaintiffs assert that they have not completed discovery in this case, and consequently, the decision on Jones Glass' motion for summary judgment should be stayed or the motion denied as premature. (*Id.*)

Plaintiffs argue that Jones Glass was a supplier of the glass in question, and is excluded from protection of the statute of repose. (*Id.*, p. 4.) They contend that because Jones Glass may have supplied and installed the door in question, the statute of repose affords no protection in this case. (*Id.*, p. 5.) Plaintiffs allege the affidavit supplied by Jones Glass is insufficient to support its motion for summary judgment because the affidavit fails to establish crucial facts concerning the dat of written acceptance of the improvement by the property owner, or the date of actual occupancy or use. (*Id.*, pp. 8-9.)

Jones Glass asserts that the work was completed by no later than October 19, 1995. (Ct. R., Doc. 63, p. 2.) The final invoice shows that all work was completed according to the contract. (Ct. R., Doc. 62-5.) The contract provides that Jones Glass will furnish all labor, materials, and equipment necessary to complete the aluminum storefront, windows, sliding glass doors, glass and glazing and mirrors. (*Id.*, p. 1.) The contract is dated November 15, 1994, and specifies a completion date of April 15, 1995. (*Id.*) The work was slated to be built as shown in drawing and warranties before final payment is released. (*Id.*) In addition, the contract specifies as follows:

> Final payment, including the retained percentage, shall be made within 10 days after Subcontractors work has been completed and approved by the Owner and Architect, and satisfactory proof of payment of all amounts owed by subcontractor in connection with this Subcontractor has been provided, the entire Project is complete and Contractor has been paid in full for the entire Project. Final

> payment will not be made until a complete release of lien form in a format
> acceptable to the Owner and Contract has been received by the Contractor.

(*Id*., p. 4.)  The final waiver of lien is dated September 5, 1995.  (Ct. R., Doc. 62-4.)

Jones Glass maintains that it did not waive the affirmative defense because under applicable law, a statute of limitations defense includes the defense of the statute of repose.  (Ct. R., Doc. 63, pp. 5-6.)  Jones Glass also asserts that no additional discovery is needed to determine the applicability of the statute of repose.  (*Id*., p. 6.)  Jones Glass states that the limitations period began to run no later than September 5, 2005, according to its records.  (*Id*., p. 7.)

## I.   Rule 56(f) Motion for Continuance or Stay

The party asserting the need for additional discovery for response to a summary judgment motion must show how the additional discovery will defeat the summary judgment motion, and why it cannot presently produce the evidence to create a genuine issue of fact.  *Haynsworth v. The Corp.*, 121 F.3d 956, 970 (5th Cir. 1997), *cert. denied* 523 U.S. 1072 (1998).  "Although it is preferred that non-movants present an affidavit to support a continuance of discovery, there is no stringent procedure that will bar litigants access to further discovery."  *Wichita Falls Office Assoc. v. Banc One Corp.*,  978 F.2d 915, 919 (5th Cir. 1992), *cert. denied* 508 U.S. 910 (1993).  To comply with Rule 56(f), the party opposing summary judgment need only submit a statement, not necessarily in affidavit form, which conveys the need for additional discovery.  *Wichita Falls*, 978 F.2d at 919.

Here, Plaintiffs assert that there is a question of fact whether Jones Glass can be afforded the protections of Mississippi Code Annotated § 15-1-41.  (Ct. R., Doc. 59, p. 11.)  Plaintiffs

assert that a deposition of Jones Glass is necessary to ascertain the viability of a defense under the aforementioned statute.  (*Id.*)

The Court finds that the contents of Plaintiffs' motion establish the requisite factors to allow the Court to conclude that no further discovery is needed to enable Plaintiffs to respond to the motion for summary judgment.  *Wichita Falls*, 978 F.2d at 198.  The Court, therefore, concludes that Plaintiffs' rule 56(f) motion should be denied.  *See Buchanan v. Stanships, Inc.*, 744 F.2d 1070, 1074 (5th Cir. 1984).  This determination renders Plaintiffs' arguments about the sufficiency of the affidavits and evidence moot.  It is therefore,

ORDERED that Plaintiffs' motion [58-1] for continuance or stay under Federal Rule of Civil Procedure 56(f) be, and is hereby, denied.  It is further,

ORDERED that Plaintiffs, if they so desire, shall file their response to Defendant Jones Glass' motion for summary judgment by no later than July 2, 2007.  It is further,

ORDERED that the parties bear their respective costs in conjunction with this motion.

SO ORDERED this the 26th day of June, 2007.


_____
*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE