IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DOLPHUS JONES, JR., and CARRIE JONES,
Individually and As Husband and Wife                                                          PLAINTIFFS

VERSUS                                              CIVIL ACTION NO. 1:03cv113WJG-JMR

NEEMA, INC. d/b/a COMFORT SUITES,
ACORN WINDOW SYSTEMS, INC.;
JONES GLASS, INC., and
KESHAVJI RATANSHI GALA                                                                        DEFENDANTS

MEMORANDUM OPINION

THIS CAUSE comes before the Court on motion [56-1] of Defendant, Jones Glass, Inc. [Jones Glass], for summary judgment. Upon review of the subject motion, briefs in support and in response to the motion, and the record in this cause, the Court finds as follows:

Dolphus Jones, Jr., contends that on September 9, 1999, while he and his wife, Carrie, were guests at the Comfort Suites Hotel at 1646 Beach Boulevard, in Biloxi, Mississippi, they were trapped outside on the balcony of their second story room when the door automatically locked them out of their room. (Compl., pp. 3-4.) Mr. Jones suffers from a medical condition which is controlled by regular medication, and claims he was trapped on the balcony for an extended period of time without his medication. He further states that he suffered injuries during an attempt to escape from the balcony. (*Id*., p. 4.)

According to Plaintiffs, Jones Glass installed the balcony door at their room. (*Id*., p. 2.) Plaintiffs contend that because Jones Glass did not plead the statute of repose in its answer, it waived this defense. (Ct. R., Doc. 59, p. 2.) Plaintiffs argue in their response to Defendant's

motion for summary judgment that because Jones Glass was a supplier of the glass in question, and a supplier/installer of the door in question, it is excluded from protection of the statute of repose. (*Id.*, pp. 4, 5.)

Plaintiffs maintain that to establish a genuine issue of material fact regarding the statute of repose, Jones Glass must either establish the date of written acceptance of the improvement by the property owner or the date of actual occupancy or use. (*Id.*)

Jones Glass asserts that the work was completed by no later than October 19, 1995. (Ct. R., Doc. 63, p. 2.) The final invoice indicates that all work was completed according to the contract. (Ct. R., Doc. 62-5.) The contract dated November 15, 2004, specifying a completion date of April 15, 1995, provides that Jones Glass will furnish all labor, materials, and equipment necessary to complete the aluminum storefront, windows, sliding glass doors, glass and glazing and mirrors. (*Id.*, p. 1.) The work was slated to be built as shown in drawing and warranties before final payment is released. (*Id.*) In addition, the contract specifies as follows:

> Final payment, including the retained percentage, shall be made within 10 days after Subcontractors work has been completed and approved by the Owner and Architect, and satisfactory proof of payment of all amounts owed by subcontractor in connection with this Subcontractor has been provided, the entire Project is complete and Contractor has been paid in full for the entire Project. Final payment will not be made until a complete release of lien form in a format acceptable to the Owner and Contract has been received by the Contractor.

(*Id.*, p. 4.)

The final waiver of lien executed by Linda R. Jones as Secretary-Treasurer of Jones Glass is dated September 5, 1995. (Ct. R., Doc. 62-4.)

Jones Glass maintains that it has not waived the affirmative defense because under applicable law a statute of limitations defense includes the defense of the statute of repose. (Ct.

R., Doc. 63, pp. 5-6.) Jones Glass states that the limitations period began to run no later than September 5, 2005, the date of the final waiver of lien. (*Id.*, p. 7.)

I.       Timeliness of Assertion of Defense

Rule 8(c) of the Federal Rules of Civil Procedure provides in pertinent part as follows:

In pleading, a party shall set forth affirmatively . . . the statute of limitations . . . and any other matter constituting an avoidance or affirmative defense.

In determining if a party waived an affirmative defense "[w]here the matter is raised in the trial court in a manner that does not result in unfair surprise . . . technical failure to comply precisely with Rule 8(c) is not fatal. That is, the defendant does not waive an affirmative defense if 'he raised the issue at a pragmatically sufficient time, and the plaintiff[s] [are] not prejudiced in [their] ability to respond.'" *Lucas v. United States*, 807 F.2d 414, 417-18 (5th Cir. 1986). If the plaintiffs can adequately confront and defend against an affirmative defense, there is no undue prejudice. *See Bonti v. Ford Motor Co.*, 898 F. Supp. 391, 395 (S.D. Miss. 1995). In this case, Plaintiffs were adequately informed that Jones Glass was relying on the statute of repose when Jones Glass filed its motion for summary judgment. The Court, therefore, concludes that Jones Glass did not waive its defense and that it has been timely plead. *See Theunissen v. GSI Group*, 109 F. Supp.2d 505, 509 (N.D. Miss. 2000).

II.      Sufficiency of Evidence

Plaintiffs maintain that the motion for summary judgment is not properly supported and that an issue of fact remains concerning the applicability of the statute of repose. (Ct. R., Doc. 60, p. 8.) According to Plaintiffs, the affidavit of Michael Jones, Vice President of Jones Glass, (Ct. R., Doc. 56-2) is insufficient because no records are attached to it, and because the affidavit does not state that Jones reviewed or is familiar with the records. (*Id*.) Plaintiffs argue that the affidavit does not establish a date of either written acceptance or occupancy or use of the improvement by the owner of the property as required under the statute. (*Id*., p. 9.)

In its rebuttal, Jones Glass includes copies of invoices, the contract between the parties, and notice of final waiver of lien on the project, including an affidavit of Michael Jones in which he avers that the records are among those kept in the regular course of business for Jones Glass. (Ct. R., Doc. 62.)

Unsubstantiated assertions and unsupported speculation are not sufficient to defeat a motion for summary judgment. *Bridgmon v. Array Sys. Corp.,* 325 F.3d 572, 577 (5th Cir. 2003). Here, Jones Glass has provided the invoices, contract, and other documentation to support its contention that the statute of repose bars Plaintiffs claims against it. The Court finds that this evidence is enough to allow a determine of whether the statute applies in this case.

III.    Applicability of Statute of Repose

Plaintiffs argue that the statute of repose does not apply because Jones Glass supplied the product at issue in this suit. (Ct. R., Doc. 59, p. 5.) Suppliers of materials were not intended to benefit from the statute of repose, according to Plaintiffs. (*Id.*) Plaintiffs contend that because Jones Glass both installed and supplied the glass, their claims against Jones Glass should not be barred under Mississippi Code Annotated § 15-1-41. (*Id.*)

Section 15-1-41 precludes actions to recover damages for injury to persons arising out of any deficiency in the design or planning of an improvement to real property against any firm or corporation performing or furnishing the design or planning of the improvement more than six years after written acceptance or actual occupancy. MISS. CODE ANN. § 15-1-41. Despite Plaintiffs assertions to the contrary, a company involved in the design, planning and supplying of an improvement to real property is entitled to protection under the statute provided all the conditions outlined in the statute are met. A company who provides the design, planning or

construction to an improvement to real property and supplies the materials for the project is covered by the statute of repose. *See i.e., Moore v. Jesco, Inc.*, 531 So.2d 815, 817 (Miss. 1988). The component part which Jones Glass supplied in this case, the glass itself, is part of an improvement to real property, and Jones Glass may be afforded protection under the statute of repose.

IV.     Written Acceptance or Actual Occupancy

Jones Glass has provided evidence that Comfort Suites accepted the work, as evidenced by the invoice for payment and final waiver of lien. (Ct. R., Doc. 62-3, 62-4.) The final waiver of lien was dated September 5, 1995. (Ct. R., Doc. 62-4.) The Court accepts this date as evidence of acceptance of the work, and concludes that because the complaint in this case was filed over six years after the date of acceptance of the work, the claims against Jones Glass are barred by section 15-1-41. *See Reich v. Jesco*, 526 So.2d 550, 552 (Miss. 1988). The Court therefore finds that the motion for summary judgment on claims brought against Jones Glass in connection with this incident should be granted.

## Conclusion

For the reasons set forth above, this Court finds that Defendant Jones Glass' motion for summary judgment [56-1] should be granted. A separate Final Judgment in conformity with and incorporating by reference the foregoing Memorandum Opinion shall issue this date. Each party shall bear its respective costs associated with these motions.

THIS the 24th day of July, 2007.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE